**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE          )
                           )
      v.          )          ID#: 2012004283
                           )
DASHAN PERRIGAN,           )
                           )
    Defendant.          )

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL - GRANTED

This 20th day of March, 2024, after having considered Dashan Perrigan's (hereinafter "Defendant") Motion for Appointment of Counsel (the "Motion") and the record in the matter, it appears to the Court that:

1.      Defendant pled guilty to Murder in the Second Degree and Possession of a Firearm During the Commission of a Felony on April 27, 2022.[1]  Following a full pre-sentence investigation being ordered, Defendant was sentenced on July 22, 2022 to 50 years at Level V suspended after 25 followed by decreasing levels of probation for the Murder in the Second Degree charge and to 5 years at Level V for the firearm offense.[2]  Defendant was represented by Alicea Brown, Esquire, at the time of both the plea and the sentencing hearing.

---

[1] See *State v. Perrigan*, Criminal Action No. 2012004283, D.I. 22.
[2] D.I. 25, 26.

2.      Defendant filed a direct appeal of his conviction and sentence.[3] Defendant's conviction and sentence was affirmed by the Delaware Supreme Court on March 27, 2023.[4]

3.      Defendant filed a timely post-conviction motion (hereinafter "PCR Motion") on August 10, 2023.[5] The PCR Motion raises claims for ineffective assistance of counsel ("IAC") by Defendant's counsel, Alicea Brown, Esquire. At the time of the filing of the PCR Motion, Defendant did not seek appointment of counsel.

4.      Accordingly, the Court set forth a briefing scheduling, where Ms. Brown was to submit an affidavit to the Court in response to Defendant's claims no later than October 13, 2023, the Department of Justice was then to respond to both Defendant's claims and the affidavit submitted no later than December 1, 2023. Defendant was to file any reply in support of his PCR Motion no later than January 5, 2024.[6]

5.      All parties complied with the Order setting deadlines in response to Defendant's PCR Motion and the matter was taken under advisement by the Court.[7]

---

[3] D.I. 27.
[4] *Perrigan v. State*, No. 280, 2022, 2023 WL 2656853, ORDER, Traynor, J. Mar. 27, 2023 (Del. Sup.).
[5] D.I. 35.
[6] D.I. 37.
[7] D.I. 38, 39, 42.

6.     It was not until after all submissions were received, on December 27, 2023, did the Court receive the instant Motion for Appointment of Counsel.[8]

7.     Superior Court Rule 61(e)(1) allows for appointment of counsel in post-conviction proceedings if certain circumstances are met. First and foremost, the Rule clearly states that "[a]ny indigent movant's request for appointment of counsel shall be filed contemporaneously with the movant's postconviction motion. Failure to file a contemporaneous request for appointment of counsel with the movant's postconviction motion may be deemed a waiver of counsel."[9]

8.     Because this is Defendant's first postconviction motion, and Defendant entered a guilty plea, Rule 61(e)(3) applies. The rule allows for postconviction counsel to be appointed if: "(i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel."

9.     Clearly, this motion was not filed contemporaneously with Defendant's PCR Motion. In fact, this motion was filed after all parties expended time and

---

[8] D.I. 43.
[9] Super. Ct. Crim. R. 61(e)(1).

resources in complying with the Court's scheduling Order and submitting responses to the claims raised in the PCR Motion.

10.   In looking at the factors to be assessed by the Court in Rule 61(e)(3), it is clear that Defendant's conviction was affirmed and appellate review is final and that the motion, should it be successful, will result in vacatur of the judgment of conviction for which Defendant is in custody.   There is no finding made, however, with respect to whether Rule 61(e)(3)(ii) is satisfied, however in its discretion, finding the exceptional circumstance that this is Defendant's first PCR Motion and given the severity of the charges upon which he was convicted and is serving a lengthy sentence, the Motion for Appointment of Counsel will be permitted and is **GRANTED**.

11.   As a result, however, despite the efforts and submissions of counsel thus far, the Court's review of the PCR Motion will be **STAYED** and a new briefing schedule will be issued following the appointment of counsel for Defendant.

**IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge


Original to Prothonotary
cc:    John Downs, Deputy Attorney General
       Alicea Brown, Esquire
       Dashan Perrigan, *Pro Se*, SBI: 00624144